IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALGREEN CO.,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>WALGREEN HEALTH SOLUTIONS, LLC and CHARLES R. WALGREEN,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:23-cv-17067<br><br>Hon. Virginia M. Kendall<br><br>Hon. M. David Weisman |

## JOINT STATUS REPORT

Pursuant to the Court's September 11, 2024 Order (Dkt. 86), Plaintiff Walgreen Co. ("Walgreens") and Defendants Walgreen Health Solutions, LLC and Charles R. Walgreen submit this joint status report in advance of the status hearing on October 3, 2024 at 1:15 p.m. (Dkt. 93). The Court's Order asked the parties to submit a joint status report "setting forth [the] status of fact discovery, whether Mr. [Carl] Allen's deposition occurred, and any other issues the parties wish to raise." *Id.*

On September 24, 2024, Judge Kendall ruled on Defendants' motion to dismiss the complaint (Dkt. 91). Judge Kendall denied the motion as to Count I (federal trademark infringement); Count II (trademark dilution); Count III (false designation of origin and/or false representation); Count IV (Illinois trademark infringement); Count V (deceptive trade practices); and Count VI (unfair competition). Judge Kendall granted the motion as to Count VII (breach of contract), with leave to amend. Walgreens is currently considering whether it will amend the complaint to replead Count VII.

### Status of Fact Discovery

The following fact discovery items remain outstanding:

1. Walgreens is in the process of resolving outstanding document subpoenas to third-party medical distributors Owens & Minor, Inc. and Performance Health Supply, LLC ("Performance Health"). Owens & Minor has now completed a partial document production in response to Walgreens's subpoena and appears set to make its final production imminently. Walgreens and Performance Health recently agreed on the scope of a document production, which Performance Health is currently preparing. The deadline to compel enforcement of third-party subpoenas is October 11, 2024 (Dkt. 96).

2. Walgreens deposed Carl Allen on September 25, 2024, with questions to Mr. Allen in his individual capacity pursuant to an individual subpoena, and questions to him in his representative capacity as corporate designee for the topics noticed in Walgreens's subpoena to Allen Exploration, LLC. Walgreens's examination of Mr. Allen concluded after 4 hours and 40 minutes of record time. Walgreens expressly reserved the remainder of its time at the conclusion of the examination.

3. On September 29, 2024, Walgreens notified Defendants' counsel, who also represents Mr. Allen and Allen Exploration, that Walgreens seeks to reopen the deposition of Allen Exploration and complete the remaining time. Walgreens also notified Defendants' counsel that it seeks to depose Allen Exploration's President and Chief Investment Officer, Preston Paine.

    a. *Walgreen's Position*:

    **Reopening the 30(b)(6).** Mr. Allen repeatedly testified that he did not know the answers to questions within the noticed topics, including on issues related to (1) the *continued* representation on Allen Exploration's website that it is invested in "Walgreens Health Services" (displayed with a Walgreens logo and a link to a

Walgreens website) rather than "Walgreen Health Solutions;" and (2) multiple issues related to the investment in and money loaned to Walgreen Health Solutions, regarding which he testified that other employees of Allen Exploration would know the answers. Mr. Allen also relatedly testified that he did not speak with anyone at Allen Exploration in order to prepare for his representative testimony. Reopening the deposition to complete the testimony on the topics where Mr. Allen pointed to the knowledge of other Allen Exploration employees is therefore warranted.

***Deposing Mr. Paine.*** Regarding Mr. Paine's deposition, Walgreens first learned during Mr. Allen's deposition that Walgreen Health Solutions currently has at least $2.5 million in loans from, or in connection with, Allen Exploration, and has repeatedly borrowed additional money from Allen Exploration in the past to fund Walgreen Health Solutions's operations. That was completely new information that Defendants have not provided during discovery to date. Defendants' responses to Walgreens's Interrogatory No. 24 omit any reference to these loans despite claiming to provide "the complete list of funding, contributions, or gifts that Walgreen Health Solutions has ever received from any investor, debtor, or benefactor." Walgreens would have earlier noticed the deposition of Mr. Paine had it not received incorrect information from Defendants regarding the extent of Allen Exploration's involvement with Walgreen Health Solutions. Walgreens is willing to combine the remainder of the corporate deposition of Allen Exploration with Mr. Paine's individual deposition should Mr. Paine be the designated corporate representative for the remaining time. Walgreens is currently waiting for Defendants' counsel to provide potential dates for Mr. Paine's deposition.

b. *Defendants' Position*:

**Reopening the 30(b)(6).** Defendants strongly object to reopening the deposition of Allen Exploration—a company that is not named in this litigation. Walgreen Health Solutions notes that the 30(b)(6) witness and Founder and CEO of Allen Exploration testified for over four hours on each of the designated topics, and on topics not designated, at his deposition. In fact, counsel for Walgreen Co. wasted significant time learning about Allen Exploration's treasure hunting business in the Bahamas. The parties expended significant time and financial resources to complete the deposition that took place in-person in Florida where counsel was present. Mr. Allen is by far the most knowledgeable person with respect to the designated topics. He is the founder and CEO of Allen Exploration. The reason for the incorrect information still appearing on the Allen Exploration website was not a designated topic. Mr. Allen responded to *all* subject areas on which he was designated to testify, including Topic No. 7, "Allen Exploration's *decision to place* 'Walgreens Health Services,' together with a description of Walgreens Health Services and a link to the website https://www.walgreenshealth.com/home, on the Allen Exploration website 'Investments' page." (Emphasis added.). Further, Walgreen Co.'s corporate designee could not answer myriad questions asked regarding topics on which he was designated. *See* Wolf 30b6 Tr. At 9:7-11, 16:6-13; 29; 33:19-34:15. Defendants will therefore seek to reopen the deposition of Walgreen Co.'s 30(b)(6) designee if Walgreen Co. is permitted to take further testimony from Mr. Allen or the CIO, Preston Paine.

**Deposing Mr. Paine:** The time to issue third-party subpoenas has passed. Moreover, Plaintiff fails to set forth the relevancy of any testimony that could be garnered from Preston Paine. His deposition would be duplicative and purely to harass Allen Exploration's employees. Plaintiff has not and cannot identify *any* additional information that would be gained about Allen Exploration's investment in Walgreen Health Solutions. Defendants gave significant leeway by offering Mr. Allen for deposition in both his individual capacity and as a Corporate Designee to Allen Exploration, LLC. In addition, Mr. Allen has provided all of his communications with Walgreen Health Solutions, and these include all documents memorializing the various investments. Despite this information being completely irrelevant to this case and outside of the scope of the designated topics—objections preserved by counsel— Mr. Allen answered questions about his company's investments *ad nauseum* and over counsel's objections. Allen Rough Tr. 40-47; 119-125. Mr. Allen did not testify that the interrogatory response was inaccurate. In fact, he testified that he did not know whether the $4 million listed in the Interrogatory response that he did not prepare included a UBS loan. Allen Rough Tr. 205. Moreover, Mr. Allen gave full and complete responses to all questions regarding his company's investments in Walgreen Health Solutions. That Plaintiff believes his deposition testimony conflicts with Walgreen Health Solutions' Answers to Interrogatories does not justify further questioning of Allen Exploration leadership.

4. Finally, Walgreens has followed up with Defendants on their discovery responses regarding Walgreen Health Solutions's financial statements and loans from Allen Exploration.

a. *Walgreens's Position*: Walgreens seeks to reconcile discrepancies revealed during Allen Exploration's document production and deposition. For example, Mr. Allen testified that the financial statements he regularly received from Walgreen Health Solutions would include "income statement, balance sheet, [and] cash flow" statements and audited financial statements. Defendants have not produced these documents, and have previously represented that they do not exist.

b. *Defendants' Position*: Defendants have agreed to review their discovery responses to determine if there are any responsive documents that have not been produced by defendants and that to confirm that answers to interrogatories regarding these topics are complete.

**Proposed Expert Discovery Schedule**

The parties propose the following schedule for the completion of expert discovery:

1. Opening expert reports, if any, shall be due by November 8, 2024;

2. Expert rebuttal reports, if any, shall be due by December 9, 2024;

3. Expert reply reports, if any, shall be due by January 17, 2025;

4. Expert depositions shall conclude by January 31, 2025;

5. The parties respectfully request that the Court set a status hearing for as soon as practicable following the completion of expert depositions. The parties would also like to discuss with the Court a process for scheduling a trial in this matter as soon as practicable after expert discovery concludes.

Dated: October 1, 2024

Respectfully submitted,

| | |
|---|---|
| */s/ Kristen R. Seeger* | */s/ Clarissa K. Pintado* |
| Kristen R. Seeger | Kevin M. O'Hagan |
| Steven J. Horowitz | Shane M. Bradwell |
| Maseeh Moradi | Clarissa K. Pintado |
| D. Samuel Gorsche | **O'Hagan Meyer LLC** |
| **SIDLEY AUSTIN LLP** | 1 E. Wacker Drive Ste. 3400 |
| One South Dearborn Street | Chicago, Illinois 60601 |
| Chicago, Illinois 60603 | (312) 422-6100 |
| (312) 853-7000 | kohagan@ohaganmeyer.com |
| kseeger@sidley.com | sbradwell@ohaganmeyer.com |
| shorowitz@sidley.com | cpintado@ohaganmeyer.com |
| mmoradi@sidley.com | |
| sgorsche@sidley.com | *Counsel for Defendants Walgreen Health Solutions, LLC and Charles R. Walgreen* |
| *Counsel for Plaintiff Walgreen Co.* | |